IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY,**  *Plaintiff*,  v.  **SKIN'S FAMILY AUTO SERVICE, LLC,** *et al.*,  *Defendants*. | **CIVIL ACTION NO. 5:23-cv-00116-TES** |

**ORDER DENYING PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

This is a declaratory judgment action in which Scottsdale Insurance Company ("Scottsdale") seeks a declaration that it owes no duty to defend or indemnify Defendants Skin's Family Auto Service LLC ("Skin's") and Alex Antwon Skinner ("Skinner") against the various tort claims Defendant Wright asserted against them in an underlying lawsuit. *See generally* [Doc. 1]. After each defendant filed a responsive pleading, Scottsdale filed a Motion for Judgment on the Pleadings [Doc. 16]. *See* [Doc. 7]; [Doc. 8]; [Doc. 11].

## BACKGROUND[1]

The underlying action centers on a series of alleged events that culminated in the shooting death of Dismond Wright ("Mr. Wright"), the late husband of Defendant Shamika Wright ("Mrs. Wright"). [Doc. 1, pp. 4–5, ¶¶ 19–27]. At the time of the events, Defendant Skinner owned and operated Skin's—a Houston County-based business that provided roadside assistance on behalf of an insurance company. [*Id.* at p. 4, ¶ 21]. On the evening of May 29, 2021, Skin's received a request for roadside assistance at a customer's residence, and Skinner responded. [*Id.* at ¶¶ 22–23]. Instead of going to the customer's residence, Skinner mistakenly drove to the Wrights' residence, entered the Wrights' property, and unlocked Mr. Wright's vehicle. [*Id.* at p. 5, ¶¶ 23–24]. After Mr. Wright confronted Skinner and demanded that he leave, Skinner got in his vehicle and drove away. [*Id.* at ¶ 26–27]. Then, Skinner turned around, drove back by the Wrights' residence, and continued to exchange words with Mr. Wright. [*Id.* at ¶ 27]. At some point, Skinner fired a gun, fatally wounding Mr. Wright. [*Id.*].

Scottsdale issued an insurance policy (the "Policy") to Skin's for the period of January 2, 2021, through January 2, 2022. [Doc. 1, p. 3, ¶ 11]. In the Policy, Scottsdale agreed to "defend any 'insured' against a 'suit'" seeking damages for "'bodily injury'

---

[1] The following facts are taken from Scottsdale's Complaint and are assumed to be true for the purpose of ruling in the motion before the Court. *Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta*, 864 F.Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that when ruling on a 12(b)(6) motion, the Court must accept the facts set forth in the complaint as true.).

. . . to which [the Policy] applies caused by an accident." [*Id.* at p. 11, ¶ 48]. But, the Policy does not apply to injuries that were expected or intended or to injuries arising out of assault and battery—except, perhaps, in cases of self-defense, but that is a question for another day. [*Id.* at pp. 12, 13, ¶¶ 50, 51].

Mrs. Wright filed the underlying action on September 23, 2022, in the State Court of Houston County, Georgia.[2] [Doc. 1, pp. 3–4, ¶ 16]. In her complaint, she asserted five causes of action: negligence and trespass against Skinner; negligence against Skin's; and wrongful death and survival action against both Skinner and Skin's. *See* [Doc. 1, p. 5, ¶ 28]. Scottsdale agreed to defend Skin's and Skinner under a full reservation of its rights and then filed this declaratory action, seeking a declaration that it has no duty to defend its insureds in the underlying action. *See generally* [*id.*].

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).

---

[2] *Shamika Wright, Individually and As Temporary Administrator of the Estate of Dismond Lamani Wright v. Alex Antwon Skinner and Skin's Family Auto Service, LLC*, No. 2022-V-54521, State Court of Houston County.

In deciding whether a party is entitled to judgment on the pleadings, district courts "accept the facts in the complaint as true and . . . view them in the light most favorable to the nonmoving party." *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). If a comparison of the competing pleadings reveals a material dispute of facts, courts must deny judgment on the pleadings. *See Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956).[3]

## DISCUSSION

Scottsdale argues that the underlying action does not trigger the Policy because there, the underlying complaint doesn't allege an "accident," and, even if it did, the Policy excludes coverage because the damages either arise from assault and battery or were expected or intended. [Doc. 1, p 14].

When it executed the Policy, Scottsdale assumed two "separate and independent obligations"—a duty to defend and a duty to indemnify. *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376 (1997) (quoting *Capital Ford Truck Sales, Inc. v. U.S. Fire Ins. Co.*, 349 S.E.2d 201, 205 (Ga. Ct. App. 1986), *rev'd on other grounds*, 355 S.E.2d 428 (Ga. 1987)). The contract determines the insurer's duty to defend. *Loftin v. U.S. Fire Ins. Co.*, 127 S.E.2d 53, 58 (Ga. Ct. App. 1962). The construction of the insurance contract— including the question of whether the petition excludes coverage under the policy—is a

---

[3] Because the Eleventh Circuit was previously a part of the Fifth Circuit, cases decided by the Fifth Circuit prior to October 1, 1981, are precedential to this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

question of law. *See Elan Pharm. Research Corp. v. Employers Ins. of Wausau*, 144 F.3d 1372, 1375 (11th Cir. 1998).

Under Georgia law, an insurer must discharge its duty to defend unless the petition unambiguously excludes coverage under the policy. *Colony Ins. Co. v. Corrosion Control, Inc.*, 390 F.Supp.2d 1337, 1339 (M.D. Ga. 2005). "[A]n insurer seeking to invoke a policy exclusion carries the burden of proving its applicability to a given case." *First Specialty Ins. Corp. v. Flowers*, 644 S.E.2d 453, 454 (Ga. Ct. App. 2007). And courts must strictly construe all exclusions that an insurer seeks to invoke. *Tifton Mach. Works, Inc. v. Colony Ins. Co.*, 480 S.E.2d 37 (Ga. Ct. App. 1996). If a single claim in the underlying complaint triggers an insurer's duty to defend, the insurer must defend all of the claims asserted in the underlying action. *HDI-Gerling America Ins. Co. v. Morrison Homes, Inc.*, 701 F.3d 662, 666 (11th Cir. 2012).

The Court will proceed with its analysis in two steps: first, the Court will decide whether any material facts are disputed; second, if no material facts are disputed, the Court will decide whether the underlying lawsuit triggers Scottsdale's duty to defend as a matter of law. *See Douglas Asphalt*, 541 F.3d at 1273.

Whether Skinner intentionally shot Mr. Wright remains a disputed question of fact, and it is material because it could unquestionably impact Scottsdale's duty to defend him. In its Complaint, Scottsdale relies on the facts Mrs. Wright pleaded in her underlying complaint. *See* [Doc. 1, pp. 4–5, ¶¶ 19–27]. However, Scottsdale

5

unequivocally assumes that Skinner shot Mr. Wright *intentionally*. To illustrate, consider the following arguments: "Mrs. Wright's claims are premised upon the shooting, an act of assault and battery" and "all damages alleged were expected or intended from Skinner's standpoint." *See* [*id.* at p. 9, ¶ 42 (cleaned up)]; [*id.* at p. 14, ¶ 52 (cleaned up)].

Mrs. Wright disputes that assumption, arguing that she never mentioned anything in her underlying complaint about Skinner's intent. [Doc. 11, p. 7, ¶ 27]. To be clear, Mrs. Wright agrees that she accused Skinner of "shooting and mortally wounding Mr. Wright." [Doc. 1, p. 5, ¶ 27 (cleaned up)]; [Doc. 11, p. 7, ¶ 27]. Mrs. Wright disputes Scottsdale's assumption that Skinner did so *intentionally*. [Doc. 11, p. 7, ¶ 27].

Scottsdale urges the Court to disregard Mrs. Wright's "negligence" label because "the alleged facts underlying the claims . . . sound in inherently intentional and willful conduct." [Doc. 16-1, pp. 7–9]. But, the Court can't do that at this preliminary stage. To be sure, under the alleged facts, Skinner *might* have shot Mr. Wright intentionally. But, under those same facts, Skinner also might have fired the shot completely by accident, he might have fired intentionally and accidentally hit Mr. Wright, or he could have intentionally shot him in self-defense. In other words, the allegations leave open the question of Skinner's intent—a material fact. And, without question, Mr. Skinner's intent, along with the details of his actions, will certainly impact, if not decide, how the Policy gets interpreted and applied to this case.

The other supposed factual disputes are really disagreements about the truth of

the allegations in the underlying action or about contract interpretation. *See, e.g.*, [Doc. 22, p. 8 (disputing the interpretation of a contractual provision)]. While the Court doesn't doubt that the parties disagree on the facts in the underlying action, the only factual disputes that matter for this Motion are those raised in the pleadings in this case. *Stanton*, 239 F.2d at 106. And, the disagreements over contract interpretation are disputes of law—not of fact. *See Elan Pharm.*, 144 F.3d at 1375.

Because the Court's comparison of the pleadings reveals a disputed material fact, the Court's analysis stops there. *See Stanton*, 239 F.2d at 106; *Douglas Asphalt*, 541 F.3d at 1273. Until that dispute is resolved, the Court cannot decide whether Scottsdale is entitled to judgment as a matter of law. *Douglas Asphalt*, 541 F.3d at 1273.

## **CONCLUSION**

As discussed above, the Court cannot grant Scottsdale the relief it requests because the parties dispute a material fact. What's more, depending on how the facts shake out, the Court may have to confront several nuanced and difficult questions of law. All that to say, this isn't the kind of case the Court should decide on the pleadings. The parties will proceed to discovery, develop the facts, and illuminate the numerous issues this case presents.[4]

---

[4] Or, perhaps the Court will exercise its discretion to let the state courts handling the criminal and civil cases currently pending resolve the numerous factual questions in this case. *See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) ("[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.")).

Accordingly, the Court **DENIES** Plaintiff's Motion for Judgment on the Pleadings [Doc. 16].

**SO ORDERED**, this 5th day of December, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
